**UNITED STATES of America,
Appellee,**

v.

**Anthony MOBLEY et al., Defendants-
Appellants.**

**Nos. 550, 551 and 552, Dockets 71–1782,
72–1058 and 72–1059.**

United States Court of Appeals,
Second Circuit.

Argued May 8, 1972.

Decided June 13, 1972.

Donald M. Kresge, New York City, for appellant Mobley.

Lawrence Stern, New York City, for appellant Fisher.

Gretchen White Oberman, New York City (Henry M. di Suvero, New York City, on the brief), for appellant Brown.

Raymond J. Dearie, Asst. U. S. Atty., E.D.N.Y. (Robert A. Morse, U. S. Atty., David G. Trager and Thomas P. Puccio, Asst. U. S. Attys., E.D.N.Y., on the brief), for appellee.

Before FRIENDLY, Chief Judge, and MOORE and ANDERSON, Circuit Judges.

PER CURIAM:

The three appellants, Michael Fisher, Damon T. Brown and Anthony Mobley, and three other individuals, Gary Brooks, William Trusty and Robert Earl, after several planning sessions and an agreement as to the part to be played by each, robbed the Queens branch of the National Bank of North America, at gun point, and got away with a little over $5,000. Although Brown, with Fisher, made a preliminary survey of the bank and recommended it as an easy one to rob, Brown remained at the apartment where the final planning took place, and he was still there when the others returned from the bank with the stolen money from which they paid him $100 for his assistance in the enterprise. Mobley was soon apprehended by the police and, after having been properly warned, gave an oral confession in which he named as participants only Brooks, Trusty and Earl and one other known only to him as "Bruce". Eventually all of the participants were arrested and indicted. Trusty and Earl pled guilty to conspiracy and Brooks turned Government's witness. The appellants Fisher and Mobley were each convicted on one count of armed bank robbery, 18 U.S.C. § 2113 (a) and one count of placing in jeopardy the lives of the bank's employees, 18 U.S.C. § 2113(d), and Fisher, Mobley and Brown were each convicted of a

charge of conspiracy to rob a federally insured bank, 18 U.S.C. § 371.

There was ample evidence to support the jury's verdicts of guilty, and no question is raised on the appeals as to the sufficiency of the evidence. The appellants Fisher and Brown present the same three points in their respective appeals. They are: first, that the trial court erred in not charging the jury, as requested and again during its deliberations when the jury sent for the testimony of Agent Jones who had taken Mobley's confession, that the confession was evidence only as to Mobley and not as to Fisher or Brown, even though such an instruction was given at the time the confession was received in evidence; second, that their cross-examination of Brooks was unduly limited by the court; and third, that the trial court erred in refusing to admit into evidence a letter which Brooks wrote from prison (during the pendency of the case) which allegedly furnished extrinsic evidence of his motive to testify falsely. Mobley's claims are in essence the same as the second and third points.

■ With regard to their contention that the trial court should have charged again and again what it charged when Mobley's confession was admitted into evidence, i. e. "I want to take this occasion to enjoin you not to consider these statements in connection with the guilt of the other two defendants; that is, the defendant Fisher and the defendant Brown. You must not consider these statements as having any effect upon these two men. So it will only apply with respect to the defendant Mobley," we are of the opinion that it furnishes no basis for a holding of reversible error. The confession never mentioned Fisher or Brown by name or otherwise, and it referred to only one other participant, known to Mobley only as Bruce. In the course of the trial appellants' counsel therefore argued that the confession plainly implied that Fisher and Brown were in no way involved in the robbery. In another portion of the

charge the court strongly emphasized that, to find Fisher or Brown guilty the jury must believe beyond a reasonable doubt that Brooks' testimony about the elements of the offenses was true and, if the jury did not have that belief, it "must acquit" them. The court went on to say that Mobley, on the other hand, could be convicted on his own confession and evidence in the case outside of the testimony of Brooks. This must have made it abundantly clear to the jury that it could not use Mobley's confession to convict either Fisher or Brown. The appellants complain that the Government in summation sought to use Mobley's confession "to corroborate" Brooks' testimony. See Wong Sun v. United States, 371 U.S. 471, 490–491, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Counsel for Fisher and Brown, for the purpose of showing bias, had argued that Brooks was responsible for apprehending and bringing to trial Fisher, Mobley and Brown. In replying to this, the prosecutor pointed out that it was Mobley who first revealed the participation of Brooks, Trusty and Earl in the robbery; and, because Brooks' testimony as to Trusty, Earl, Mobley and himself was consistent with what Mobley had said about them, the jury should consider credible what Brooks testified to about Fisher and Brown, who had not been mentioned at all by Mobley. In these circumstances it cannot properly be claimed that Mobley's confession was used to corroborate Brooks' testimony.

■ The appellants' assertion that the trial court committed reversible error in limiting their cross-examination of Brooks is not supported by the record. The cross-examination and the evidentiary discussions incidental to it, covered more than two full court days and filled considerably more than 300 pages of transcript. During this cross-examination Brooks admitted that in the course of another trial for the robbery of the Chemical Bank in which he had been involved, he had perjured himself "quite a few times" to help his friends. The defendants wanted him to estimate the number

—whether 100 or 150 times—and to testify about the particular instances. The trial court refused to permit the parties to get into what it considered would be a retrial of the Chemical Bank case otherwise unrelated to the one on trial. They also sought to bring out that Brooks, who was 16, was highly motivated to lie in the Government's favor in the present case because as a juvenile he could only be confined six years whereas if he were prosecuted as an adult he could be imprisoned for 50 years. While at one point Brooks testified he feared having to spend 50 years in jail, an objection to defense counsel's efforts to reiterate the comparative penalties was sustained and Brooks' testimony was limited to disclosing that his lawyer had told him that unless he were charged as a juvenile his penalty would be much greater.

■ After the completion of Brooks' cross-examination defense counsel came into possession of a letter, dated March 16, 1971, written by Brooks from jail six days before the beginning of the trial, in which he, in effect, expressed a continuing fear of the time he would be required to serve and because of this he had to betray his companions. The letter also indicated that he had the philosophy of a revolutionist, and he believed that any means to achieve his ends was justified. Defense counsel sought to have the cross-examination reopened so that they might examine Brooks on the letter. The trial court denied the motion.

We conclude that the trial judge did no more than keep the cross-examination within reasonable bounds. The appellants had ample opportunity fully to attack and impeach Brooks' credibility and to expose his motivations to testify falsely in aid of the Government's case. The areas which the appellants were not allowed to explore were largely cumulative or of dubious relevancy, and all were within the scope of the trial judge's discretion. We hold that it was not abused. United States v. Campbell, 426 F.2d 547, 550 (2 Cir. 1970); United States v. Mahler, 363 F.2d 673, 677 (2 Cir. 1966);

*cf*. Gordon v. United States, 344 U.S. 414, 417, 73 S.Ct. 369, 97 L.Ed. 447 (1953).

The judgments of conviction are affirmed.